# Chicago, Burlington & Quincy Railway Company v. Henry Wolfring.

### Gen. No. 4,440.

1. INSTRUCTIONS—*must not depart from theory of declaration.* Instructions which authorize a recovery upon a theory or theories differing from that relied upon in the declaration, are erroneous.

2. INSTRUCTIONS—*when departure of, from theory of declaration, not ground for reversal.* Notwithstanding it is error for the court to give instructions upon a theory differing from that relied upon in the

declaration, yet such error will not reverse where the defendant has caused the court to give like instructions upon its own part.

Action on the case. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905. Rehearing denied April 21, 1905.

SWEENEY & WALKER, for appellant; C. M. DAWES, of counsel.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On November 25, 1901, before daylight, Henry Wolfring was driving west from Twenty-fourth street in the city of Rock Island in an alley which was crossed by a switch or spur track of the Chicago, Burlington & Quincy Railway Company by which it reached the buildings of the Hammond Packing Company. The switch track was about thirty feet west of Twenty-fourth street. There were buildings and sheds on each side of the alley, and the cars of the railway company came into and left the alley through gates across the track which were opened for that purpose. As Wolfring drove down the alley, some box cars propelled by an engine at their north end were pushed south across the alley into the Hammond plant. In some way Wolfring's team, or the right hand horse, came into collision with this car, and the team was turned or pushed around and crowded into a space of six or seven feet between the track and a shed on the south side of the alley east of the track, and the hoof of the right hand horse came under one of the hind wheels of the head car, and he received such injuries that it became necessary to kill him. The harness also was injured. Wolfring brought this suit against the railway company to recover damages for the injuries so sustained. Upon a jury trial he had a verdict for $150 and a judgment thereon, from which the railway company appeals.

The declaration contains two counts. Each described the alley and the switch track and the surroundings. Each

stated the duty of defendant in terms similar to the language used in plaintiff's instructions hereinafter mentioned. But neither count charged a breach of the duty so alleged. As said in Jensen v. Wetherell, 79 Ill. App. 33: "What duty is incumbent on a defendant on the facts averred in plaintiff's declaration is a question of law and not of fact. To state the duty is therefore superfluous and immaterial; it is mere surplusage, and not even obnoxious to special demurrer." The general allegations of duty in the declaration were therefore immaterial, because they were not accompanied by any charge of a breach of such duty. The first count alleged, as a cause of action, that defendant wrongfully and negligently caused certain freight cars to be backed on the said switch track across said alley, at a high and dangerous rate of speed, and without any signal or warning to any one who might be passing along said public alley; and that while plaintiff was passing along the alley, with two horses hitched to a lumber wagon, and exercising due care for the safety of his horses and wagon, said freight cars, by reason of the negligence of defendant in backing them at a high and dangerous rate of speed without any signal or warning, ran upon and over plaintiff's horse, and injured it, etc. The second count charged that defendant recklessly and negligently ran, pushed and backed its train of cars over said track and upon said alley, without giving any signal or warning to plaintiff of the approach of said cars, and that plaintiff had no knowledge or warning of the approach of the cars; and that the train so recklessly and negligently backed upon it without any warning to plaintiff, ran over one of plaintiff's horses, etc. The wrongful act averred in the first count, therefore, was backing said cars across said alley at a high and dangerous rate of speed, and without any signal or warning to any one who might be passing along said alley; and in the second count it was backing said cars upon said alley without giving any signal or warning to plaintiff of the approach of said cars.

In this condition of the declaration the court, at the re-

quest of plaintiff, gave to the jury instructions to the effect
that when a railroad company backs its cars across a public
alley in a city it must exercise such care in the operation
of said cars as the public safety may reasonably require,
and that if in this case defendant did not exercise such
ordinary care as was required under all the circumstances
of this case to give warning to the plaintiff of the approach
of said cars, and if the plaintiff while driving along said
alley and over said track with his horses and wagon was
in the exercise of due care for the safety of his horses and
property, and if because of the failure of defendant to exer-
cise such ordinary care plaintiff's property was injured, then
he could recover; that it was the duty of a railroad com-
pany moving an engine and cars over a public alley in the
city to give such warning of the approach of such engine
and cars to travelers passing along said alley as may be
necessary under all the circumstances of the case to constitute
ordinary care, and that if the defendant company did not
give such warning to plaintiff of the approach of its engine
and cars, and if the failure to give such warning was a
failure to exercise ordinary care under all the circumstances,
of the case, and if in consequence thereof plaintiff was in-
jured and at the same time he was injured he was ex-
ercising due and proper care for the safety of his
property, then they should find for plaintiff; that it was
the duty of defendant to use ordinary care in the opera-
tion of its trains over the public alleys of the city of Rock
Island so as not to injure any one in person or property,
while traveling across said alley, and if the defendant
backed its cars upon and over plaintiff's horse and property
as charged in the declaration, and plaintiff was in the
exercise of due and proper care for the safety of his horse
and property, and if defendant did not under all the cir-
cumstances of the case exercise ordinary care in the opera-
tion of its said cars, and if by reason of such negligence of
the defendant plaintiff was damaged, as alleged in the
declaration, then they should find for the plaintiff. The
court also gave at plaintiff's request an instruction which

defined reasonable care and the absence thereof, or negligence, and told the jury it was to be determined by what an ordinarily prudent and careful man would have done under the particular circumstances of the case. The negligence charged in the first count being only backing the cars at a high and dangerous rate of speed without any signal or warning to any one passing along the alley, and in the second count backing the cars over the alley without giving any signal or warning to plaintiff of the approach of said cars, these instructions were a departure from the declaration and authorized a recovery against defendant upon entirely different grounds from those alleged in the declaration. These instructions permitted a recovery if defendant did not exercise ordinary care under all the circumstances of the case to give warning to plaintiff of the approach of the cars. That was not the case stated in the declaration. The proof is clear that the bell was rung, that the cars stopped just before they reached the alley, and that their speed did not exceed two or three miles per hour. The case stated in the declaration was therefore not proven. The error in giving these instructions requires a reversal of the case unless defendant is a party to the error.

But we find that defendant obtained from the court instructions based upon a similar theory of what would render the defendant liable. Thereby the court advised the jury that the law required defendant in running trains over the al'ey to exercise due care in so doing; that the law did not require a railroad company to stop its trains before crossing an alley or street, but to ring a bell or sound a whistle or give notice of its approach, and to use due care to avoid injury to persons or property in the alley, and that if they believed from the evidence that defendant caused a bell to be rung and ran its train with due care, and had a switchman on the front end of the foremost car crossing the alley, then it had performed its duty, and they should find for defendant; that if the defendant before crossing the alley caused a bell to be rung as required by law, and the train to be moved at a speed not exceeding

three miles per hour, and operated with due care, and had a switchman on the front end of the foremost car crossing the alley, then they should find for defendant; that in crossing the alley defendant was required to exercise only such care as a reasonably prudent person would have exercised under like circumstances, and that if the jury believed from the evidence that defendant's trainmen stopped the train before crossing the alley, and that one of them, with due care, looked to see if any person was attempting to cross the track, and plaintiff was not in sight or about to cross the track, and thereupon said trainmen gave the signal to start the train across the alley, then plaintiff could not recover; and that if the train was stopped before reaching the alley, and a trainman before signaling the train to cross went ahead of the train, and with due care looked to see if any one was attempting to cross the tracks, and could see no one, and the train was thereupon moved with due care, then they should find for defendant. The court also, at defendant's request, told the jury that due care as used in such instructions meant the same care a reasonably prudent man would exercise under the same circumstances. The defendant therefore united with the plaintiff in requesting the court to submit the case to the jury, not upon the question whether plaintiff had proven the specific allegations of negligence stated in the declaration, but upon the question whether defendant had exercised due care to avoid injuring persons traveling along said alley, and their property, under all the circumstances of the case, and whether the railroad company under all the circumstances had used such care as a reasonably prudent man would use to avoid injuring persons and property upon said alley. Defendant having induced the court to take that view of the proof which would create a liability against it, the defendant is bound by the position it so took, and it becomes immaterial that the case stated in the instructions given at plaintiff's request was different from that stated in the declaration.

The clear preponderance of the evidence is that the bell was ringing, but the engine was three cars distant from

the alley when the first car passed upon the alley, and it was back of a high fence, the car coming through an open gate and it passed through sheds north of that, and it might very well be that plaintiff did not hear the bell rung. Defendant's proof is that the car was stopped just before the alley was reached, that one employee walked on the track across the alley, without looking to see if the alley was clear, and into the yards of the Hammond Company to see if everything was ready for the car to be left there, and then signalled another employee to come on, and that employee stepped into the alley and looked each way, saw no one coming, and then gave a signal to a man on top of the cars, who transmitted it to the engineer, and the engine was then started; that the employee who had been looking in the alley then got upon the brake beam and rode across the alley, and after he had passed beyond the alley heard a sound of horses kicking, and stopped the train and found this team wedged in between the car and the shed on the south side of the alley east of the track. From this defendant argues that plaintiff drove his team into the side of the first car. It was one of the rear wheels of the first car that passed over the hind leg of plaintiff's right hand horse. Plaintiff's proof was that as his horses were coming on the track the car was backed out through the gate and struck his horse and pushed the team around and forced the team into the narrow space above mentioned, and then the right hind leg of the horse on the north side got over the rail in front of one of the rear wheels. The color of that horse was gray, and an employee of the Hammond Company found gray hair on the front corner of that car, after the car had been placed in the yard that day. Defendant had more witnesses than plaintiff, but the physical fact of the horse hair on the front corner of the car corresponding in color to that of plaintiff's horse which was injured, and of the team being forced into this narrow space south of the alley, strongly tends to establish plaintiff's theory of the manner in which the accident occurred. It was only thirty feet from the street to the track in the

alley. It may well be that after defendant's employee looked up and down the alley and saw no one thereon some little time elapsed before the car actually got in motion and that during that time plaintiff drove into the alley and reached the track. Both parties submitted the case to the jury upon the theory that defendant was bound to exercise the care which an ordinarily prudent man would have exercised under those circumstances to avoid injuring plaintiff and his property. The questions whether defendant's employee was negligent in not seeing plaintiff when he drove into the alley and during the time he was driving in the alley and before he reached the track, and whether he ought not to have taken such measures to stop the car or warn plaintiff as would prevent his being injured, were for the jury, and the jury has decided these questions of fact, and the trial judge has approved their conclusions. The condition of the proof does not warrant our disturbing that result. If defendant had confined its instructions to the negligence stated in the declaration, a very different question would be presented. The judgment is affirmed.

*Affirmed.*